UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN D. FODORA,

                                        Plaintiff,

        v.                                              10-CV-1423

MICHAEL J. ASTRUE,
Commissioner of Social Security
Administration

                                        Defendants.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff John Fodora brought this action pursuant to section 205(g) of the Social Security

Act, 42 U.S.C. § 405(g), appealing a final decision of the Social Security Administration denying his

claim for Social Security benefits.  Presently before the Court is Defendant's motion for judgment on

the pleadings pursuant to Fed. R. Civ. P. Rule 12(c).

## II.        STANDARD OF REVIEW

        The Court's review of the Commissioner's determination is limited to two inquiries.  First,

the Court must determine whether the Commissioner applied the correct legal standard.  Tejada v.

Apfel, 167 F.3d 770, 773 (2d Cir. 1999).  Second, the Court reviews whether the Commissioner's

findings are supported by substantial evidence within the administrative record.  Id. at 773.  The

Commissioner's finding will be deemed conclusive if supported by substantial evidence.  42 U.S.C. §

405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991).  In the context of Social Security cases,

substantial evidence consists of  "more than a mere scintilla" and is measured by "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated

Edison Co. v. NLRB, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938).  Where the record supports

disparate findings and provides adequate support for both the plaintiff's and the Commissioner's

positions, a  reviewing court must accept the Administrative Law Judge's factual determinations.

Quinones v. Chater, 117 F.3d 29, 36 (2d Cir. 1997).

## II.        DISABILITY DETERMINATION-THE FIVE STEP EVALUATION PROCESS

To receive federal disability benefits, an applicant must be "disabled" within the meaning of

the Social Security Act.  See 42 U.S.C. § 423(a),(d).  A claimant must establish "inability to engage in

any substantial gainful activity by reason of any medically determinable physical or mental impairment

. . . which has lasted or can be expected to last for a continuous period of not less than 12 months." Id.

§ 423(d)(1)(A).  The impairment must be of "such severity that he is not only unable to do his previous

work but cannot, considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy."  Id. § 423(d)(2)(A).  Agency rules

promulgated under the Act outline a five-step analysis to determine disability.  20 C.F.R. §§ 404.1520,

416.920.  The steps are as follows:

> (1) The Commissioner considers whether the claimant is currently engaged in substantial
> gainful activity; (2) If not, the Commissioner considers whether the claimant has a "severe
> impairment" which limits his or her mental or physical ability to do basic work activities;
> (3) If the claimant has a "severe impairment," the Commissioner must ask whether, based
> solely on medical evidence, claimant has an impairment listed in Appendix 1 of the
> regulations.  If the claimant has one of these enumerated impairments, the Commissioner
> will automatically consider him disabled, without considering vocational factors such as
> age, education, and work experience; (4) If the impairment is not "listed" in the regulations,
> the Commissioner then asks whether, despite the claimant's severe impairment, he or she
> has residual functional capacity to perform his or her past work; (5) If the claimant is
> unable to perform his or her past work, the Commissioner then determines whether there
> is other work which the claimant could perform. The Commissioner bears the burden of
> proof on this last step, while the claimant has the burden on the first four steps.

Shaw v. Carter, 221 F.3d 126, 132 (2d Cir. 2000).

**III.      DISCUSSION**

Plaintiff seeks judicial review of the final decision of the Social Security Administration denying his claim for Social Security benefits.  Plaintiff alleges that he has been disabled since 2006 because of degenerative disc disease, sleep apnea and depression.  On appeal, Plaintiff contends that the determined Residual Functional Capacity (RFC) is not supported by substantial evidence because the Administrative Law Judge (ALJ) failed to account for Plaintiff's impairments of major depression and sleep apnea.

The "combined effect of a claimant's impairments must be considered in determining disability; the [Commissioner] must evaluate their combined impact on a claimant's ability to work, regardless of whether every impairment is severe." Dixon v. Shalala, 54 F.3d 1019, 1031 (2d Cir. 1995); see also 20 C.F.R. §§ 404.1523 and 416.945(a)(2).  At step two of the five step determination, the ALJ concluded that Plaintiff had a nonsevere impairment of major depression and severe impairments of degenerative disc disease and sleep apnea.  The ALJ ultimately found that Plaintiff had the RFC to perform substantially the full range of sedentary work but he required a sit/stand option that was limited to occasional overhead work bilaterally.  In determining RFC, however, the ALJ failed to incorporate Plaintiffs impairments of sleep apnea and depression.  As a result, the ALJ did not meaningfully consider how the combined physical and mental impairments affected Plaintiff's social functioning, concentration, persistence, or pace, all of which were important factors in determining whether Plaintiff could engage in substantial gainful activity.  20 C.F.R., Pt. 404, Subpt. P, App. 1 § 12.04(A)(1); See e.g., Haggerty v. Commissioner of Social Sec., No. 3:10-CV-306, 2011 WL 841443 at *9 (N.D.N.Y. 2011).  Because the ALJ failed to consider all of Plaintiff's impairments in

determining the RFC to perform work, the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence.

**IV.        CONCLUSION**

          For the foregoing reasons, the Court finds that the ALJ's decision is not supported by substantial evidence.  Accordingly, the decision of the Commissioner is REVERSED and this case REMANDED, pursuant to sentence four of 42 U.S.C. § 405(g), for a proper determination of Plaintiff's Residual Functional Capacity to perform work.

**IT IS SO ORDERED.**

Dated: March 23, 2012


Thomas J. McAvoy
Senior, U.S. District Judge